UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-79 |
| vs. | : | Judge Timothy S. Black |
| THERON E. LEWIS (1), KEITH A. WATSON (2), | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS (Docs. 32, 33)**

This criminal case is before the Court on Defendant Keith Watson's Motion to Dismiss (Doc. 32) and Defendant Theron Lewis' Motion to Dismiss Indictment for Lack of Jurisdiction (Doc. 33). The Government filed a single Response. (Doc. 37). The Motions to Dismiss are now ripe for decision.

Both Defendants were indicted on May 25, 2011 for committing a robbery in violation of 18 U.S.C. § 1951(a) ("the Hobbs Act"), for using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) & (o), and for causing the death of a person through the use of a firearm in violation of 18 U.S.C. §§ 924(c), (j)(1). (Doc. 4). Defendant Thomas was also indicted for being a previously convicted felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.*)

The facts giving rise to the indictment occurred on or about April 3, 2007. (*Id.*) On that date, Defendants allegedly committed an armed robbery at a home located at 1637 Harold Street, Dayton, Ohio. (*Id.*) During the course of the robbery, an individual identified as D.K.B., Sr. was shot by the intruders and subsequently died. (*Id.*)

The indictment alleges that the home at 1637 Harold Street was, at that time of the robbery, used by an individual identified as D.K.B., Jr. for the purpose of illegal drug trafficking. (*Id.*) The indictment further alleges that the illegal drug trafficking occurring at 1637 Harold Street was "an activity that affected interstate commerce" because D.K.B., Jr. "intended to purchase and did purchase certain amounts of marijuana and crack cocaine which were cultivated, produced, packaged, purchased and transported from outside the State of Ohio, subsequently moved and were placed in interstate commerce for use and re-sale by the said 'D.K.B., Jr.' within the State of Ohio." (*Id.*)

Defendants seek to dismiss the indictment arguing that the Government cannot establish a violation of the Hobbs Act because the conduct alleged in the indictment had no affect on commerce as required by the Hobbs Act.[1] The Government asserts that Defendants' arguments are premature and that motions for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, are the proper method of raising the insufficiency of evidence offered to sustain a conviction.

The Court agrees with the Government. With regard to alleged Hobbs Act offenses, "the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has been satisfied is part and parcel of the inquiry into the 'general issue' of whether the statute has

---

[1] The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a).

been violated." *United States v. Alfonso*, 143 F.3d 772, 777 (2nd Cir. 1998). As a result, courts generally conclude that challenges "to the sufficiency of the evidence satisfying the jurisdictional element of the Hobbs Act is not appropriately decided on a motion to dismiss." *Id.*; *see also United States v. Shalash*, No. 1:05-CR-00025-1, 2005 WL 1892331, at *2 (S.D. Ohio Aug. 9, 2005) (agreeing that "the determination of whether a defendant's charged conduct affects interstate commerce is a matter to be decided by a jury in the first instance, rendering dismissal under Fed. R. Crim. P. 12(b) improper").

Accordingly, for the foregoing reasons, Defendants' Motions to Dismiss (Docs. 32, 33) are **DENIED**.

**IT IS SO ORDERED.**

Date: 9/13/11

Timothy S. Black
United States District Judge